UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN LEE AMOS-ARR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ILLINOIS DEPARTMENT OF INNOVATION ) <br> AND TECHNOLOGY, MARGARET VAN ) <br> DIJK, and LORI TINSLEY, ) <br> ) <br> Defendants. ) | No. 23 C 3027 <br><br> Judge Sara L. Ellis |

## ORDER

The Court grants Defendants' motion to dismiss [13]. The Court dismisses Amos-Arr's complaint with prejudice and terminates the case. See Statement.

## STATEMENT

Plaintiff Kevin Lee Amos-Arr, an employee of the Illinois Department of Innovation and Technology ("IDIT"), sued his employer and two of his colleagues, Margaret van Dijk and Lori Tinsley, on May 15, 2023, for alleged violations of Title VII, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. §§ 1981 and 1983. Amos-Arr, who identifies as "a 3-dimensional living soul, flesh and blood Male Who is Autochtonous, Indigenous and Descendant for the original peoples of Turtle Island, Muu-lan, Altan, Amexem, Land of the Frogs![,]" Doc. 1 at 53, alleges that Defendants discriminated against him because of his race, denied him due process, and retaliated against him by changing his tax withholding status from "exempt" to "0" after the Internal Revenue Service ("IRS") sent IDIT a letter requesting such withholding. Defendants have moved to dismiss Amos-Arr's complaint under Rule 12(b)(6) for failing to state a claim, and also argue that his claims are barred by the applicable statutes of limitations. Because Amos-Arr's allegations "reveal that relief is barred by the applicable statute[s] of limitations," the Court dismisses his complaint with prejudice. *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011).

Amos-Arr's complaint centers around IDIT's decision to begin withholding federal taxes from his paycheck at the IRS' behest. *See* Doc. 1 at 4 ("The employer change[d] my W-4 status from 'Exempt' to '0' without my written approval or any court ordered authority documentation to approve of it."). On January 3, 2019, IDIT received a letter from the IRS ordering it to "begin withholding income tax from [Amos-Arr's] wages." *Id.* at 32. On January 14, 2019, Tinsley said that she "received an envelope of information" from Amos-Arr, and that she was returning it to him because "this issue is between you and the IRS." *Id.* at 13. On March 5, 2019, Tinsley sent an email to Amos-Arr saying that "[IDIT] will be changing your marital status to single and your federal withholding allowances to '0'." *Id.* at 8. Beginning September 2, 2020, Amos-Arr

corresponded with several human resources employees at IDIT regarding his status change. *See id.* at 39–51. After fruitlessly arguing with a payroll manager and a comptroller that IDIT's actions were "Ultra Virez with any all STATE OF ILLINOIS Departments/Agents by collusion with committing 27 CFR 72.11 Swingling and Confidence Games, with Human Rights Violation . . . against security interest kevin Lee Amos with KEVIN LEE AMOS©™/AMOS KEVIN LEE©™," *id.* at 43, Amos-Arr escalated his complaints to van Dijk, a General Counsel at IDIT. Van Dijk then informed Amos-Arr that his "request for further action on the part of [IDIT] is denied. This is [IDIT's] final determination. You may proceed accordingly." *Id.* at 39. Amos-Arr accused van Dijk "and all parties" of "a violation of 28 U.S.C. 1360 with Fraud." *Id.* More than two years later, on January 13, 2023, Amos-Arr filed a complaint with the Illinois Department of Human Rights ("IDHR") and Equal Employment Opportunity Commission ("EEOC"), alleging that his employer "has denied [him] due process, committed official misconduct and violated [his] human rights. In addition as an Indigenous American [his] rights have been violated by governments who have committed mass genocide." Doc. 1 at 136. The EEOC dismissed his charge because it "was not filed within the time limits under the law," and issued him a right to sue. *Id.* at 133.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Before the Court can reach the merits of Amos-Arr's complaint, however, it must consider whether he timely filed his lawsuit or if the applicable statutes of limitations—which serve as procedural shot clocks on a plaintiff's legal claims—prevent the Court from hearing his case. For Title VII claims, a plaintiff must file his complaint with the EEOC or other applicable state body (the IDHR in this case) no more than 300 days after the allegedly discriminatory act occurred. 42 U.S.C. § 2000e-5(e)(1) (giving "the person aggrieved . . . three hundred days after the alleged unlawful employment practice" to file the administrative charge); *Koelsch v. Beltone Elec. Corp.*, 46 F.3d 705, 707 (7th Cir. 1995). For § 1983 claims, the Court must turn to state law for the relevant statute of limitations. *See Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 822 (7th Cir. 2022) (citing *Behav. Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005)). In Illinois, the appropriate statute of limitations is two years. *See Towne v. Donnelly*, 44 F.4th 666, 667 (7th Cir. 2022) (recognizing 735 Ill. Comp. Stat. 5/13-202 creates a two-year statute of limitations for § 1983 claims). Section 1981 claims are subject to a four-year time limit under the federal catch-all statute of limitations. *See* 28 U.S.C. § 1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues."); *see also Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004)

(applying § 1658 four-year statute of limitations to § 1981 claims). Because the statute of limitations provides an affirmative defense to a complaint, the Court will not reject Amos-Arr's claims at the motion to dismiss stage unless it is obvious from the face of his complaint "that relief is barred by the applicable statute of limitations." *Logan*, 644 F.3d at 582.

In general, a claim accrues when a plaintiff knows or should have known that they have been harmed in some way—in employment cases, this is typically the moment that the employer takes some action against the employee. *See, e.g.*, *Stewart v. CPC Int'l, Inc.*, 679 F.2d 117, 120 (7th Cir. 1982) ("[A] violation of Title VII occurs, and triggers the time limit for filing a charge, when the employee knew or should have known that he or she was discriminated against."); *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (section 1983 claim accrues "when the plaintiff can file suit and obtain relief"); *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) (section 1981 claim accrues at the time of the employment decision that negatively impacts the plaintiff). Here, as emails between Amos-Arr and Tinsley demonstrate, Amos-Arr learned that IDIT would begin withholding federal taxes from his paycheck as early as March 5, 2019. Doc. 1 at 8. From then, he had 300 days to file a complaint before the EEOC and IDHR to seek relief under Title VII, two years to file a lawsuit to preserve his § 1983 claim, and four years to sue for relief on his § 1981 cause of action. This means that his Title VII claim was untimely as of December 30, 2019; his § 1983 claim was untimely as of March 5, 2021; and his § 1981 claim was untimely as of March 5, 2023. Amos-Arr did not file a complaint before the EEOC and IDHR until January 13, 2023, *see* Doc. 1 at 136, at which time his Title VII claim had expired by just over three years, *see* 42 U.S.C. § 2000e-5(e)(1). Amos-Arr did not file his complaint in this Court until May 15, 2023, *see* Doc. 1, two years past the § 1983 claim's expiration date and two months too late for his § 1981 claim, *see Donnelly*, 44 F.4th at 667 (two-year statute of limitations for § 1983 claims); *Jones*, 541 U.S. at 369 (four-year statute of limitations for § 1981 claims).

Amos-Arr claims that the Court should nevertheless hear his claims and equitably toll the statutes of limitations. Doc. 22 at 3 ("Additionally the limitations period may be tolled for equitable reasons because of some extraordinary reason."). "Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Shropshear v. Corp. Couns. of City of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001). Here, Amos-Arr's complaint shows that on March 5, 2019, Tinsley made Amos-Arr aware that IDIT would change his withholding status from "exempt" to "0" by March 14, 2019. Doc. 1 at 17. At no point does Amos-Arr allege that IDIT, van Dijk, or Tinsley hid information from him relevant to this change. Thus, Amos-Arr had all the information he needed as of March 5, 2019 to file his EEOC complaint under Title VII or a lawsuit under §§ 1981 and 1983. Because Amos-Arr failed to exercise "all due diligence" in bringing his claims in a timely manner, the Court will not apply the doctrine of equitable tolling. *Shropshear*, 275 F.3d at 595.

Amos-Arr's claims expired long ago, and Amos-Arr failed to present a good reason for the Court to equitably toll these deadlines. Therefore, he cannot proceed on his claims. *See Wilkins*, 644 F.3d at 582. Because the Court dismisses Amos-Arr's complaint on statute of limitations grounds, it finds that "amendment would be futile" and dismisses his complaint with prejudice. *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 919 (7th Cir. 2015); *see also* Fed. R. Civ. Pro. 15(a)(2) (leave to amend should only be given "when justice so requires").

   The Court grants Defendants' motion to dismiss [13].  The Court enters judgment for the Defendants on Amos-Arr's complaint and terminates this case.


Date: January 8, 2024               /s/ Sara L. Ellis_____